The judgment appealed from is therefore affirmed.

---

(116 So. 667)

No. 29177.

## WESTWEGO CANAL & TERMINAL COMPANY, Inc., v. Paul PIZANIE.

### In re WESTWEGO CANAL & TERMINAL CO., Inc., Applying for Certiorari and Prohibition.

April 9, 1928.

Frank H. Langridge and John E. Fleury, both of Gretna, and U. Marinoni, Jr., of New Orleans, for applicant.

C. A. Buchler, of Gretna, for respondent.

O'NIELL, C. J. This has become a moot case. The relator, Westwego Canal & Terminal Company, bought from William T. Nolan, on the 9th of July, 1925, the Barataria and La-fourche Canal, with its locks and appurtenances, and the strip of land, one acre wide, through which the canal extends, and all of the buildings and improvements on the land. The defendant, Pizanie, was then occupying a one-story frame building on the bank of the canal, on a small tract of land which his predecessor in title had leased from a former owner of the canal land. Pizanie had the right, under his contract, to remove the building at the expiration of his lease. The contract was not recorded, but the building was assessed to Pizanie on the tax rolls. After the sale of the canal to the Westwego Canal & Terminal Company, Pizanie paid rent to the company, and the latter accepted the rent under the belief that it was for rent of the building as well as the land. Pizanie's lease expired on the 29th of February, 1928. On or about the 10th of February, he, having taken all of his property and effects out of the building, proposed to sell it to the canal company; whereupon a controversy arose as to whether Pizanie or the canal company owned the building, and negotiations followed for an amicable settlement by a sale of the building to the company. The negotiations fell through; and, on or about the 20th of February, Pizanie began to demolish and remove the building. Thereupon the canal company filed a petition for injunction, and obtained a temporary restraining order and a rule on Pizanie to show cause on the 29th of February why a writ of injunction should not issue to prevent his demolishing or removing the building. The rule was heard on the 29th of February, and on the next day the court gave judgment for Pizanie, refusing to grant an injunction. On Saturday, the 3d of March, the canal company made application to this court for writs of certiorari, prohibition, and mandamus; and, on Monday the 5th of March, the court issued a writ of certiorari and a rule to show cause why the other writs should not issue. The returns show that Pizanie demolished and removed the building after the judgment was rendered refusing an injunction and before the application was made to this court to interfere. The record does not show that notice was given to the district judge or to Pizanie of the canal company's intention to invoke the supervisory powers of this court.

We have given a detailed statement of the proceedings merely to show that Pizanie's demolishing and removing of the building was not done in disobedience or contempt of any process of the court.

The proceedings are dismissed at relator's cost.